IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| PETER GRAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01256-STA-egb |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER GRANTING § 2255 PETITION

On December 26, 2018, Petitioner, Peter Graves, filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the followings reasons, the Petition is **GRANTED**.

Petitioner's sole claim is that he is entitled to a delayed appeal because his defense attorney, Lloyd Tatum, rendered ineffective assistance by failing to file a timely notice of appeal after he directed him to file an appeal. He supported his claim with a copy of a November 8, 2018, letter from attorney Tatum acknowledging that he filed the notice of appeal "too soon." (ECF No. 1-2 at 2.) On February 4, 2019, the Sixth Circuit dismissed the appeal on the ground that Graves "filed his notice of appeal well before his judgment." (*United States v. Graves*, 1:16-cr-10080-STA-1 (W.D. Tenn.), ECF No. 103 at 2.)

Respondent, United States of America, responded to the Petition on February 20, 2019. (ECF No. 5.) The Government states that it "has no objection to" the granting of the Petition and the "reent[ry] of the judgment in Graves' criminal case to give him the opportunity to file and pursue a timely appeal." (*Id.* at 2.)

1

An ineffective assistance claim is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on such a claim, a petitioner must prove two elements: (1) that counsel's performance was deficient, and (2) "that the deficient performance prejudiced the defense." *Id.*

In *Roe v. Flores-Ortega*, the United States Supreme Court announced that *Strickland*'s test applies to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." 528 U.S. 470, 477 (2000). The Court held that a federal criminal attorney who does not file a timely notice of appeal after a request by his client performs deficiently. *Id.* Moreover, prejudice is presumed, and the defendant need not show that "his appeal would likely have had merit." *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

Petitioner, here, has established that his attorney failed to file a timely notice of appeal after he requested that one be filed. Accordingly, Graves is entitled to a delayed appeal. The Petition is **GRANTED**.

The Court will enter an amended judgment in Petitioner's criminal case by separate order.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 21, 2019